**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CAROLYN R. PRESCOTT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and HELCAR, INC.<br><br>Defendant. | ) | Civil Action No. CA 06-225ML |

**ANSWER**

The United States of America, defendant, by and through its undersigned attorneys, answers plaintiff's Complaint as follows:

**AFFIRMATIVE DEFENSES**

FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

All injuries and damages alleged by plaintiff were sustained without any negligence, fault, or breach of any duty or standard of care on the part of defendant.

THIRD DEFENSE

All injuries alleged by plaintiff as giving rise to this action were caused by the negligence, recklessness, or failure to exercise due care on the part of plaintiff.

FOURTH DEFENSE

In the event defendant is found to be negligent, which negligence defendant denies, the negligence of plaintiff contributed to causing the alleged injuries, and any recovery must be proportionally reduced.

FIFTH DEFENSE

Plaintiff's damages, if any, are limited to the amount claimed in the administrative claim pursuant to 28 U.S.C. § 2675(b).

SIXTH DEFENSE

Pursuant to 28 U.S.C. § 2412(d) (1) (A), plaintiff cannot recover attorneys' fees from the defendant.

SEVENTH DEFENSE

Pursuant to 28 U.S.C. § 2402, plaintiff is not entitled to a jury trial in this action.

EIGHTH DEFENSE

Pursuant to 28 U.S.C. § 2674, plaintiff is proscribed from recovering any amount for pre-judgment interest against the defendant.

NINTH DEFENSE

Defendant hereby reserves the right to plead all other affirmative defenses or any applicable state and federal statutes which through discovery or otherwise it learns may be applicable.

TENTH DEFENSE

As to the specific allegations set forth in Count I of plaintiff's Complaint, defendant pleads as follows:

## JURISDICTION

1. This paragraph is a statement of jurisdiction to which no response is required, but if the Court deems that an answer is required, defendant admits that this Court has jurisdiction and that plaintiff filed an administrative claim under the Federal Tort Claims Act, 28 U.S.C. § 2671 et. seq., which claim was denied on January 17, 2006. Defendant denies the allegation concerning Exhibit A which was not attached to the Complaint.

2. This paragraph is a statement of venue to which no response is required, but if the Court deems that an answer is required, defendant admits that venue in this Court is proper.

## PARTIES

3. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 3 of plaintiff's Complaint, and, therefore, denies the same.

4. Defendant admits that the United States Postal Service ("USPS") is an independent establishment of the Executive Branch of the Federal government, but denies the remaining allegations of paragraph 4 of plaintiff's Complaint.

5. Defendant admits that the USPS leased property from Helcar, Inc., in Lincoln, Rhode Island, but lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 5 and, therefore, denies said allegations.

## CAUSE OF ACTION

6. Defendant admits that it leased property located at 203 Front Street, Lincoln, Rhode Island to operate a postal facility, but denies the remaining allegations in paragraph 6 of plaintiff's Complaint.

7. The allegations in paragraph 7 of plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent that the Court deems the allegations in paragraph 7 to contain statements of fact which must be answered, the defendant lacks sufficient information or knowledge to admit or deny those allegations, and, therefore, denies the same.

8. The allegations in paragraph 8 of plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent that the Court deems the allegations in paragraph 8 to contain statements of fact which must be answered, the defendant admits that it leased the property located at 203 Front Street, Lincoln, Rhode Island, but lacks sufficient information or knowledge to admit or deny the remaining allegations, and, therefore, denies the same.

9. Defendant admits that on November 17, 2004, defendant was operating a United States Post Office upon the premises located at 203 Front Street, Lincoln, Rhode Island. Defendant denies the remaining allegations in paragraph 9 of plaintiff's Complaint.

10. The allegations in paragraph 10 of plaintiff's Complaint call for a legal conclusion. To the extent the Court deems the allegations in paragraph 10 to contain statements of facts which must be answered, defendant admits that plaintiff was an invitee of the Lincoln Post Office on November 17, 2004. Defendant denies the remaining allegations of paragraph 10 of plaintiff's Complaint.

11. The allegations in paragraph 11 of plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent that the Court deems the

allegations in paragraph 11 to contain statements of fact which must be answered, those allegations are denied.

12. Defendant denies the allegations in paragraph 12 of plaintiff's Complaint.

13. Defendant denies the allegations in paragraph 13 of plaintiff's Complaint.

14. Defendant denies the allegations in paragraph 14, and subparagraphs 14 a through d, of plaintiff's Complaint.

15. The allegations in paragraph 15 of plaintiff's Complaint call for a legal conclusion. To the extent the Court deems the allegations in paragraph 15 to contain statements of facts which must be answered, defendant admits that plaintiff fell on the property of 203 Front Street, Lincoln, Rhode Island, on November 17, 2004, but denies the remaining allegations in paragraph 15.

16. The allegation in paragraph 16 of plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent the Court deems the allegation in paragraph 16 to contain a statement of facts which must be answered, defendant denies the same.

17. The allegations in paragraph 17 of plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent the Court deems the allegations in paragraph 17 to contain statements of facts which must be answered, defendant denies the same.

18. Defendant admits that plaintiff filed an administrative claim on August 15, 2005.

19. Defendant admits that the USPS denied plaintiff's administrative claim on January 17, 2006, but denies the remaining allegations contained in paragraph 19 of plaintiff's Complaint.

20. Defendant admits the allegations contained in paragraph 20 of plaintiff's Complaint.

The remaining paragraph in Count I of plaintiff's Complaint, which is unnumbered, contains a prayer for relief to which no response is required. To the extent the Court requires a response, defendant denies that plaintiff is entitled to any such relief.

COUNT II

The allegations in Count II are directed against another defendant; therefore, defendant files no response to the allegations contained in that Count.

WHEREFORE, defendant respectfully requests that this Court enter judgment in its favor, dismissing the Complaint, awarding defendant its costs for defense of this action, and awarding such other relief as this Court considers just and proper.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ADI GOLDSTEIN #6701
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Telephone: (401) 709-5000
Fax: (401) 709-5017

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July, 2006, I forwarded a copy of the Answer, by postage prepaid mail, to:

Anthony L. DiCenso, Esq.
John N. Calvino, Esq. Law Associates
373 Elmwood Avenue
Providence, RI 02907-1688

Linda A. Magnani